## HARR *v.* ROOME.

---

ASSUMPSIT; BURDEN OF PROOF; COMMON COUNTS.

1. Where the owner of a promissory note intrusts it to another for collection, and the latter collects its proceeds, there is such a privity of contract between them as will support an action by the owner for money had and received for the plaintiff's use.

2. In such a case the burden of proof is upon the plaintiff to show that he was the owner of the note when it came into the possession of the defendant; that the defendant received the note for collection on the plaintiff's account; and that the defendant collected the proceeds.

3. The count for money had and received may, in general, be supported by any legal evidence showing that the defendant has received or obtained possession of the money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff; and also by evidence in regard to things treated as money,—such as a promissory note.

No. 1668.  Submitted October 10, 1906.  Decided November 7, 1906.

HEARING on an appeal by the defendant from a judgment on verdict of the Supreme Court of the District of Columbia, in an action of assumpsit.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The plaintiff [appellee], Lillian Pike Roome, wife of William 'O. Roome, sued the defendant, Oliver R. Harr, in the first count of her declaration, for money had and received by the defendant for the use of the plaintiff, the money being her sole and separate estate, and the proceeds from the payment of a

promissory note for $6,000 made by one Lereux, dated June 7, 1901, and payable four months after date, with interest from maturity, which said sum was collected by the defendant for the plaintiff, but not paid to her. In the second count the plaintiff sued for other money had and received by defendant for the use of the plaintiff.

At the trial the plaintiff introduced evidence tending to show that she was the owner of the note described in the declaration; that the note had been given to the defendant to be collected on her account; and that on July 25, 1902, the defendant had collected $5,700 on account of the note, and had paid no part thereof to her. The defendant introduced evidence tending to show that he had not received this note for collection on account of the plaintiff, but that he had purchased it in the open market, and paid for it. The defendant, who is the appellant here, asked the following instruction: "In order to render a verdict for the plaintiff, the jury must find from the evidence, first, that the certain note described in the declaration, at the time it came into the defendant's possession, was the property of the plaintiff; secondly, that the defendant received the said note for collection on the plaintiff's account; and, thirdly, that the defendant collected the same *on the plaintiff's account;* and the burden is upon the plaintiff to establish each and all of the said facts by a preponderance of evidence; and, unless the jury find each of the said facts so to be established, the verdict must be for the defendant." The court, after striking out the words in the instruction here printed in italics, granted the instruction. Later the court gave its general charge to the jury, and the defendant excepted to the following: "The special instruction read by counsel for the defendant is the law of the case in connection with the general charge; the logic of it is that when one claims the proceeds of a note from another he must show that he had title to the proceeds, by showing that he owned the note from which the proceeds came. Upon this point the defense urged by the defendant is a two-fold proposition: First, he urges, 'you do not show that you bought the note from the bank;' second, 'I show that you have no title to the note, by proving that I bought it myself from Mr. Pratt.' Now if you choose to

do so, it would be quite appropriate to determine the second proposition first in the order of your deliberations; for, if you find that the defendant bought the note from Pratt, as he testified, that at once entitles him to your verdict." It appears that the court, in charging the jury, further said: "Before you can render a verdict for the plaintiff, the plaintiff must prove, by a preponderance of the evidence, every element which is essential to her recovery; by this phrase, 'preponderance of the evidence,' the law does not mean to indicate any particular degree of certainty to which the proof must go; it simply means that the evidence in favor of the plaintiff must, to your minds, be more weighty and more satisfactory than the evidence in favor of the defendant upon the same point." The verdict was for the plaintiff, and the defendant appealed.

*Mr. Henry E. Davis* and *Mr. Edward B. Kimball* for the appellant.

*Mr. W. W. Millan* and *Mr. R. E. L. Smith* for the appellee.

Mr. Justice McCOMAS delivered the opinion of the Court:

Under the court's instruction the jury found that the note described in the declaration was the property of the plaintiff when it came into the defendant's possession, and the defendant received the note for collection on the plaintiff's account, and the defendant collected it. The court instructed the jury that before they found for the plaintiff they must find these facts to have been proven by a preponderance of evidence. If the plaintiff so gave her note to the defendant to collect for her, such money so collected, when received, was the money of the plaintiff claiming it, and was received for her use. There was such privity of contract between the plaintiff and her agent intrusted by her with a note belonging to her, to collect the money on her account, as would support this action for money had and received for the plaintiff's use. Such privity is to be implied from such a transaction. The plaintiff ought to recover such money, and the defendant should, in equity, refund it.

The count for money had and received may, in general, be proved by any legal evidence showing that the defendant has received or obtained possession of the money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff; and this count may be supported by evidence in regard to things treated as money,—a promissory note, for instance. See 2 Greenleaf on Evidence, secs. 117, 118.

At the trial the learned justice correctly concluded that when he told the jury they must find that the note was the property of the plaintiff, and that the defendant received it to collect the same on her account, and the defendant did collect it, the defendant was in equity and good conscience under an obligation to pay over such money to the plaintiff. We will not review the cases relied on by the appellant, which hold that the count for money had and received requires privity of contract, express or implied, between the parties to the action, and that otherwise the action cannot be sustained; because we think in this case the court's instruction required the jury to find that the money was the plaintiff's money, and that there was such privity, and they did so determine. In our opinion the court did not err in modifying the instruction asked by the appellant.

We find no error in the part of the general charge contained in the record. The court told the jury that, before they could render a verdict for the plaintiff, the plaintiff must prove by a preponderance of the evidence the essential matters clearly stated in the instruction granted on behalf of the defendant. The defendant had offered evidence to show that he had purchased the note described in the declaration, in the open market, and had paid for the same, and that he had not received the note for collection on account of the plaintiff. The court said that "when one claims the proceeds of a note from another he must show that he had title to the proceeds, by showing that he owned the note from which the proceeds came." The court, in speaking of the special instruction in behalf of the defendant, added that the defense was two-fold: First, that the plaintiff did not show that she bought the note, second, that the defendant had shown that the plaintiff had no title to the note by proving that the defendant had bought it from one Pratt. This instruction

merely imported that the jury might shorten their deliberations if they found the note in controversy belonged to the defendant. The court had carefully instructed the jury as to every element necessary to be proved before they could give a verdict for the plaintiff, and had cautioned them that all these elements must be proved by a preponderance of the evidence. Now, again, the court cautioned them that the burden of proof of these essential elements was on the plaintiff. In our opinion there is no inconsistency between the charge of the court and the special instruction granted on behalf of the defendant; nor did the charge mislead the jury as to the burden of proof. The instructions, taken together, were consistent and harmonious, and advised the jury that, of course, if the note belonged to the defendant, the verdict must be for him, and before they could render a verdict for the plaintiff they must believe, by a preponderance of the evidence, that the note was the plaintiff's, received by the defendant to be collected by him for her use, and that he collected it, and in such case the money was her money, and the defendant must refund it.

The judgment in this case must be *affirmed, with costs, and it is so ordered.*